## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MIA CRAWFORD**, *as next friend to M.W.*, <br><br> Plaintiff, <br><br> v. <br><br> **SOCIAL JUSTICE SCHOOL PUBLIC CHARTER**, *et al.*, <br><br> Defendants. | Case No. 25-cv-957 (CRC) |

## OPINION

Mia Crawford, proceeding *pro se* on behalf of her minor son M.W., has sued the Social Justice Public Charter School, along with its Executive Director and Founder, principal, and social worker (collectively, "Defendants"), for violating her son's rights under the Americans with Disabilities Act ("ADA"). The Defendants have filed a motion to dismiss Ms. Crawford's complaint. Because Crawford has failed to state a claim, the Court will GRANT the motion.

### I.  Background

Plaintiff M.W. is a minor who, at some point in 2023, attended the Social Justice Public Charter School ("Social Justice") in Northeast Washington, D.C. M.W.'s mother, Ms. Crawford, filed a complaint in this Court, alleging that Social Justice and several of its personnel violated his statutory rights under the ADA. More specifically, Crawford alleged that M.W. was "denied a [free appropriate public education, or FAPE] and discriminated against on . . . October 20, 2023 and October 23, 2023[,]" and that she was informed by school officials that he was "suspended." Compl. at 4. Although the complaint suggests that there is additional material

"attached," no other context or details about these incidents are provided.  Id.[1]  The complaint

requests $2.5 million in damages.  Id. at 5.

The Defendants moved to dismiss Crawford's complaint, arguing that it failed to state a

claim for relief under Title II of the ADA and, to the extent the ADA claim was premised on a

denial of a FAPE, had not been administratively exhausted.  In response to the motion to dismiss,

Crawford filed a notice with the Court explaining that a social worker at Social Justice had

"attack[ed] [her] disabled son" and elaborating that the "denial of FAPE" occurred when M.W.

was "suppose[d]ly . . . suspended."  ECF No. 10.  A few weeks later, Crawford filed a "Motion

to Amend the Motion to Dismiss," which stated that she "[her]self witness[ed] the staff (social

worker) assaulting and attacking" M.W., who has an "educational and physical disability," and

further submitted that she had "texts and emails supporting [her] other claim for [her] son being

denied a[] FAPE."  ECF No. 12.  In a Minute Order dated August 18, 2025, the Court explained

that it would construe Crawford's latter motion as her opposition to the Defendants' pending

motion to dismiss.

## II.    Legal Standard

When a plaintiff's complaint fails to "state a claim upon which relief can be granted,"

dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6).  Under the rule, a

complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[1] The Court observes that Crawford has already tried to litigate her grievances against
Social Justice in this district.  See Crawford v. DC Mayor, No. 24-cv-702 (RCL); Crawford v.
DC Mayor, No. 24-cv-701 (RC).  Ms. Crawford is advised that, under the court's local rules,
each time a new case is filed in the district court, it is randomly assigned to a new judge, unless
formally related to another live case, and thus assessed afresh based on the facts alleged in the
complaint filed in that particular suit.  Although the Court may take judicial notice that Crawford
has previously tried to vindicate her son's rights under the ADA, it will assess the adequacy of
her complaint in this case alone without reference to prior complaints on the same subject.

is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A complaint must offer more than "naked" assertions or a "legal conclusion couched as a factual allegation." Id. (cleaned up). In ruling upon a motion to dismiss for failure to state a claim, a court may consider the facts alleged in the complaint, any documents attached to or incorporated in the complaint, matters of which a court may take judicial notice, and matters of public record. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In a *pro se* case such as this one, the complaint must be "liberally construed" and, "however inartfully pleaded, . . . held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Further, in assessing the sufficiency of a *pro se* complaint, the Court may "consider supplemental material filed by a pro se litigant in order to clarify the precise claims being urged." Wada v. U.S. Secret Serv., 525 F. Supp. 2d 1, 9 (D.D.C. 2007) (quoting Greenhill v. Spellings, 482 F.3d 569, 572 (D.C. Cir. 2007)). Although a *pro se* complaint is not held to the same stringent standards as a pleading drafted by lawyers, it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" Atherton v. DC Office of the Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting Iqbal, 556 U.S. at 678–79).

III.  **Analysis**

Social Justice and its employees move to dismiss on the ground that Crawford's complaint does not provide sufficient factual material to make out an ADA claim.  As explained below, the Court agrees.

"Multiple federal laws afford 'diverse' (and occasionally overlapping) protections for children with disabilities in public schools."  A.J.T. v. Osseo Area Schools, 605 U.S. 335, 339 (2025) (cleaned up).  Title II of the ADA "prohibit[s] discrimination on the basis of disability in a wide variety of contexts[,]" including public schools.  Id.  The statute provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  "Beyond [this] generally applicable antidiscrimination law[], the Individuals with Disabilities Education Act (IDEA) . . . offers federal funds to States in exchange for a commitment to furnish the core guarantee of a free appropriate public education to all children with certain physical or intellectual disabilities."  A.J.T., 605 U.S. at 339–40 (cleaned up).  The "primary vehicle" for implementing this goal is the "individualized educational program," or IEP, which is "developed through a collaborative process between a child's parents, teachers, and school officials."  Id. at 340 (citation omitted).  IDEA establishes an administrative process for resolving disputes about the provision of a FAPE.  Id.  But by way of an amendment to the IDEA statute, see 20 U.S.C. § 1415(l), Congress has established that "nothing in the IDEA restricts or limits the rights or remedies that other federal laws, including antidiscrimination statutes, confer on children with disabilities."  A.J.T., 605 U.S. at 340 (cleaned up).

Here, Crawford does not allege sufficient factual material that could allow the Court to infer that Social Justice or any of the other Defendants have violated M.W.'s rights under the ADA.  As a generic matter, an ADA discrimination claim requires "(1) that the plaintiff is a qualified individual with a disability; (2) that the public entity denied him the benefits of or prohibited him from participating in the entity's services, programs or activities; and (3) that denial or prohibition was 'by reason of' his disability."  Jackson v. DC, 826 F. Supp. 2d 109, 125–26 (D.D.C. 2011) (quoting 42 U.S.C. § 12132).  And to state a claim under the ADA for a failure to reasonably accommodate a disabled student, a plaintiff must allege that (1) he was disabled as defined by statute; (2) the school had notice of his disability; and (3) the school denied his request for a reasonable accommodation of his disability.  See Chenari v. George Washington Univ., 847 F.3d 740, 746–47 (D.C. Cir. 2017).  Crawford's complaint asserts that M.W. "was denied a FAPE" and was "discriminated against" on particular dates after a purported suspension.  Setting aside the question whether the denial of a FAPE alone can give rise to an ADA claim, the complaint proffers legal conclusions that lack any concrete factual detail; it is silent as to the nature of the FAPE denial—including what M.W.'s needs were at Social Justice and which of them were not addressed by Defendants—and the "discrimination" that allegedly occurred.  Without more, the complaint does not state an ADA claim.

In Crawford's opposition to the motion dismiss and a few other miscellaneous notices, she elaborates that she witnessed a staff member attacking her disabled son and that the school improperly misled her into thinking that M.W. was suspended.  See ECF Nos. 9, 10, 12. Generally, the Court may not consider new factual allegations included in the response to a motion to dismiss.  See, e.g., Stoddard v. Dist. of Columbia, 764 F. Supp. 2d 213, 221 (D.D.C. 2011); Middlebrooks v. Godwin Corp., 722 F. Supp. 2d 82, 87 n.4 (D.D.C. 2010).  But even if

the Court were to take the additional facts into account, the complaint still does not make out an ADA claim.  For example, Crawford does not allege that either the attack or confusion over the suspension were "by reason of" M.W.'s disability, constituted a failure to accommodate him in some particular way, or were carried out with requisite state of mind.  Cf. A.J.T., 605 U.S. at 344–45 (holding that a disabled schoolchild bringing an ADA or Rehabilitation Act claim may show intentional discrimination by showing that the school acted with "deliberate indifference" to the likelihood that its actions would result in a violation of the child's rights under the statute).  Specifically as to the alleged attack, which, if true, is disturbing, Crawford might have had better luck bringing a battery claim against the responsible parties under D.C. tort law.  But without further factual enhancement or context, the attack alone does not demonstrate discrimination or differential treatment on the basis of disability.

On a final note, Crawford explains that she lacks certain evidence, as it is in the hands of Social Justice administrators, but also states that she possesses texts and email messages that support her FAPE claim.  See ECF No. 12 at 1.  The Court takes note of this clarification but emphasizes that Crawford need not supply evidence at the motion-to-dismiss stage.  Instead, what she must do is provide enough written detail in the complaint to "articulate adequately the deprivation of a protected right."  Melton v. DC, 85 F. Supp. 3d 183, 193 (D.D.C. 2015).  In other words, she must supply a sufficient factual basis for the ADA claim to push it from "possible" to "plausible."  If Crawford had met that pleading burden, she could have proceeded to discovery and had the opportunity to collect further evidence to substantiate her son's ADA claim.  But Crawford cannot not meet this burden by her own say-so—that is, by simply concluding that M.W. was denied a FAPE and suffered discrimination.  "Events may not have

unfolded as" Crawford or her son wished, but their "dissatisfaction," standing alone, "do[es] not form a basis" for an ADA claim.  See id.[2]

**IV.   Conclusion**

For the foregoing reasons, the Court will GRANT Defendants' Motion to Dismiss.  A separate Order shall accompany this Opinion.

_____
CHRISTOPHER R. COOPER
United States District Judge

Date:  February 27, 2026

---

[2] The Defendants also argue that, to the extent Crawford's complaint is based on the denial of a FAPE under the IDEA statute, the complaint should be dismissed for failure to exhaust the administrative process.  Because the Court will dismiss the complaint for failure to state a claim, it need not address the exhaustion issue.  Suffice it to say that the only claim brought here is an ADA claim for damages, not an IDEA claim for injunctive relief.